# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

ANTON SVYSTAK and
YURY ZVEREV,

    Plaintiffs,                              Case Number:

v.

LOSTRA LLC, a Florida limited liability company,
NATALIA MOROZOVA, individually, and
W EXPRESS TRANS, INC., a Florida corporation,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ANTON SVYSTAK, and YURY ZVEREV, (herein collectively referred to as "Plaintiffs" or "SVYSTAK," "ZVEREV" individually), were employed by Defendants, LOSTRA LLC, (hereinafter referred to as "LOSTRA" individually), a Florida Profit Corporation, NATALIA MOROZOVA (hereinafter, "MOROZOVA") and W EXPRESS TRANS, INC., a Florida Profit Corporation (hereinafter "WEST EXPRESS") (hereinafter collectively referred to as "Defendants"), as a Driver/ Operator. Plaintiffs bring this Action on for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), other state laws, unjust enrichment, and quantum meruit, by and through their undersigned counsel, and hereby file this Complaint against Defendants and say:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for unpaid wages under Florida's Minimum Wage Act, § 448.110, Florida Statutes, and Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiffs were employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. All conditions precedent to this action have heretofore been performed or have been waived.

**PARTIES**

5. SVYSTAK is a resident of Miami Dade County, Florida, over the age of 18 and otherwise *sui juris*. During all times relevant to this Complaint, SVYSTAK was employed by Defendants as a Driver. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. ZVEREV is a resident of Miami Dade County, Florida, over the age of 18 and otherwise, *sui juris*. During all times relevant to this Complaint, ZVEREV was employed by Defendants as a Driver. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7. Defendant LOSTRA LLC is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Miami-Dade County. LOSTRA LLC has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant WEST EXPRESS is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Miami-Dade County. WEST EXPRESS has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9. LOSTRA LLC and WEST EXPRESS, are joint employers.

10. Defendants operate a transportation entity in the business of transporting vehicles locally and across state lines. Plaintiffs were employed by Defendants, whose principal place of business is in Miami-Dade County, Florida.

11. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

12. LOSTRA LLC upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. LOSTRA LLC is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

13. WEST EXPRESS, upon knowledge and belief has gross revenue which exceeds $500,000.00 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. WEST EXPRESS, is therefore covered as an "enterprise" as defined by the FLSA, 19 U.S.C. § 203(s).

14. Defendant MOROZOVA, who resides in the Southern District of Florida, was, or now is, a manager, owner and/or operator of Defendant LOSTRA LLC, and also performs managerial functions for WEST EXPRESS. Defendant MOROZOVA had operational control of

significant aspects of LOSTRA LLC and WEST EXPRESS day to day functions, including supervision and control of Plaintiffs and the work the Plaintiffs performed and employment practices and compensation of Plaintiffs.

15. Defendant MOROZOVA also had the power to hire and fire employees of LOSTRA LLC and WEST EXPRESS, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant MOROZOVA had the power to stop any illegal pay practices that harmed Plaintiffs.

16. Defendant MOROZOVA acted and acts directly in the interests of LOSTRA LLC and WEST EXPRESS, in relation to its employees. Thus, MOROZOVA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C§ 203(d).

17. At all times relevant hereto, Defendants were covered joint employers under the FLSA 29 U.S.C. §§ 203 (d) and (s) (1) in that they had employees engaged in commerce working on goods or materials that have been moved in or produced for commerce by any person.

## GENERAL ALLEGATIONS

18. Plaintiffs were non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter.

19. Plaintiffs were drivers and jointly operated a Ford 250 Super Duty pick-up truck with a 36' trailer attached. The Super Duty pickup truck is licensed to Defendant, WEST EXPRESS, and which per company specifications, had a gross weight under ten thousand (10,000) pounds.

20. Defendants LOSTRA and MOROZOVA advised Plaintiffs of their itineraries and where to make deliveries on behalf of WEST EXPRESS.

21. A dispatcher working directly with WEST EXPRESS, provided further instructions to Plaintiffs on their delivery routes, and documentation.

22. Upon arrival with a delivery Plaintiffs would represent themselves as employees of WEST EXPRESS, as instructed. On several deliveries Plaintiffs accepted checks and payments on behalf of WEST EXPRESS, and conveyed these payments to WEST EXPRESS, accordingly.

23. Plaintiffs regularly worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a workweek.

25. Plaintiffs started working for Defendants on September 7, 2021 and were terminated on or about September 28, 2021. During their employment Plaintiffs regularly, each worked at least 70 hours per work week.

26. Defendants refused to give Plaintiffs their paychecks for the time worked. Plaintiffs were each promised a minimum of $2,000.00 a week for their services. Plaintiffs were paid $928.00 each, for their entire three-week time of employment, and have not received any further paycheck as promised.

27. The Defendants and their representatives knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

28. The Defendants maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

29.     In the course of employment with Defendants, Plaintiffs worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

30.     SVYSTAK averaged at least 70 work hours per week during the relevant time frame of September 7, 2021, through September 28, 2021.

31.     ZVEREV averaged at least 70 work hours per week during the relevant time frame of September 7, 2021, through September 28, 2021

32.     Defendants willfully failed to record all time worked by Plaintiffs and willfully misclassified Plaintiffs as exempt from overtime.

33.     The records, if any, concerning the number of hours actually worked by Plaintiffs are in the possession, custody, and control of Defendants.

34.     Plaintiffs have retained the undersigned law firms to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

35.     Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party in this Action.

**COUNT ONE: VIOLATION OF FLSA / OVERTIME**
*(ON BEHALF OF PLAINTIFFS
AGAINST ALL DEFENDANTS)*

36.     Plaintiff re-alleges and re-avers paragraphs 1–35 as fully set forth herein.

37.     Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one- and one-half times the regular rates for which they were employed.

38. Specifically, Plaintiffs each worked approximately at least 70 hours during each work week while Plaintiffs were employed but were only compensated their partial regular rate rather than one- and one-half times his regular rate.

39. Plaintiffs were not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, or professional employees.

40. Defendants have knowingly and willfully failed to pay Plaintiffs one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

41. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

42. Defendants knew Plaintiffs were not exempt from overtime but refused to pay them at a rate of time and one-half their regular rate.

43. Plaintiffs were also misclassified as independent contractors and issued a form 1099 for at least some of their employment.

44. As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

45. Plaintiff have retained the undersigned counsels to represent them in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs ANTON SVYSTAK and YURY ZVEREV, demand judgment for:

a)   Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b)   Interest on the amount found due;

c)   Liquidated damages;

d)   A jury trial on all issues so triable;

e)   Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f)   Such other relief as the Court deems just and proper.

**COUNT TWO: VIOLATION OF FLSA / MINIMUM WAGE**
*(ON BEHALF OF PLAINTIFFS
AND AGAINST ALL DEFENDANTS)*

46.   Plaintiffs re-alleges and re-avers paragraphs 1–35, as fully set forth herein.

47.   During the course of Plaintiffs' employment with Defendants, Plaintiffs were not fully compensated the promised amounts for their three-week time of employment nor minimum wage.

48.   Plaintiffs each worked their regular shifts from approximately ten hours per day on each of the seven days per week, for the week(s) just prior to their termination on or about September 28, 2021.

49.   The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiffs during the relevant time period.

50.   As a direct result of Defendants' willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs ANTON SVYSTAK and YURY ZVEREV requests judgment for:

    a)    Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

    b)    Interest on the amount found due;

    c)    Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d)    A jury trial on all issues so triable;

    e)    Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    f)    Such other relief as the Court deems just and proper.

**COUNT THREE: UNPAID WAGES**
***(ON BEHALF OF PLAINTIFFs***
***AND AGAINST ALL DEFENDANTS)***

51.    Plaintiffs re-alleges and re-avers paragraphs 1–35, as fully set forth herein.

52.    Plaintiffs were each paid $928.00 for the three week time frame during which they were employed by Defendants, for the 70 hours each worked per week, making each Plaintiff's regular rate of pay $4.41/hour (four dollars and forty one cents/hour). Plaintiffs were promised a minimum of $2,000.00 per week, per Plaintiff, making their minimum regular pay rate $50.00/hour (per Plaintiff) based upon a forty (40) hour work week, excluding overtime rate, or $28.57/hour based upon a seventy (70) hour work week, excluding overtime compensation.

53.    Plaintiffs worked many hours during the course of their employment with Defendants for which they were not paid at all.

54. Defendants knew that Plaintiffs performed work for the benefit of the company during their final week(s) of work, but intentionally held their paychecks.

55. Further, Plaintiffs are also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiffs ANTON SVYSTAK and YURY ZVEREV requests judgment against Defendants as follows:

   a) Unpaid wages in the amount of at least $6,000.00 plus overtime, per Plaintiff

   b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

   c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

   d) Such other relief as the Court deems just and proper.

**COUNT FOUR: UNJUST ENRICHMENT**

**(ON BEHALF OF PLAINTIFFS AGAINST ALL DEFENDANTS)**

56. Plaintiffs re-alleges and re-avers paragraphs 1-35 as fully set forth herein.

57. Throughout September 2021, Plaintiffs performed services for Defendants as part of an employment relationship.

58. During this entire time period, Plaintiffs conferred a benefit upon Defendants in that they performed work for Defendants as truck drivers.

59. The Defendants had knowledge of the benefit conferred by Plaintiff as the Defendants dictated to Plaintiff when they should work, allotted assignments to Plaintiffs, and controlled virtually every aspect of Plaintiffs services.

60. The Defendants accepted and retained the benefit conferred by Plaintiff. Defendants charged clients for Plaintiffs services and received remuneration.

61. Defendants also improperly withheld a portion of the Plaintiffs' wages.

62. The circumstances are such that it would be inequitable for the Defendants to retain the benefit conferred by Plaintiffs, without paying fair value for the same.

63. Defendants have therefore been unjustly enriched at the expense of Plaintiffs and are required to properly compensate Plaintiff for the receipt of the benefit conferred by Plaintiff.

64. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiffs ANTON SVYSTAK and YURY ZVEREV requests judgment against Defendants as follows:

   a. Damages in the form of unpaid wages in an amount to be determined by the Court;
   b. Attorney's fees pursuant to Fla. Stat. § 448.08;
   c. Interest; and
   d. Such other relief as the Court deems just and proper.

<u>**COUNT FIVE: QUANTUM MERUIT**</u>

*(ON BEHALF OF PLAINTIFFS AGAINST ALL DEFENDANTS)*

67. Plaintiffs re-alleges and re-avers paragraphs 1-35 as fully set forth herein.

68. Throughout September 2021, Plaintiffs performed services for Defendants as part of an employment relationship.

69. There is no written agreement relating to the performance of transportation services by Plaintiffs on behalf of Defendants.

70. Defendants assented to the transportation services provided by Plaintiffs.

71. Plaintiffs acted at the sole direction and control of the Defendants. Defendants received compensation and financial gain from third parties, as it relates to the services rendered by Plaintiffs.

72. The services rendered by Plaintiffs were for the sole benefit of the Defendants.

73. Under the ordinary course of business relating to the services rendered herein by Plaintiffs, a reasonable person would expect to pay for the services.

74. Defendants should expect to pay fairly for the services rendered herein by Plaintiff which were for the sole benefit of Defendants.

75. Plaintiffs have been damaged by the acts of the Defendants and there is no adequate remedy at law.

**WHEREFORE**, Plaintiffs ANTON SVYSTAK and YURY ZVEREV requests judgment against Defendants as follows:

    e. Damages in the form of unpaid wages in an amount to be determined by the Court;

    f. Attorney's fees pursuant to Fla. Stat. § 448.08;

    g. Interest; and

    h. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs ANTON SVYSTAK and YURY ZVEREV hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: April 13, 2022

        **LAW OFFICES OF CHARLES EISS, P.L.**
Attorney for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
SHANNA WALL, Esq.
Fla. Bar #0051672
Shanna@icelawfirm.com


**BISHOP LAW, P.A.**
/s/ Danielle Bishop
Co-Counsel for Plaintiffs
Attorney Danielle Bishop
E-Mail: danielle@bishoplawpa.com
        ino@bishoplawpa.com
Florida Bar No. 48687
Bishop Law PA
370 W Camino Gardens Blvd
Suite 201G
Boca Raton, FL 33432
Telephone: (561) 334-2015