## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

LOSTRA LLC, INC., ("LOSTRA"), NATALIA MOROZOVA, ("MOROZOVA") and W EXPRESS TRANS, INC., ("W EXPRESS") (collectively "Defendants") and ANTON SVYSTAK, ("SVYSTAK") and YURY ZVEREV, ("ZVEREV")  ("Plaintiffs") enter into this Confidential Settlement Agreement and Release ("Agreement") and are collectively referred to as the "Parties."

### I.

### RECITALS

WHEREAS, Plaintiffs filed a lawsuit United States District Court for the Southern District of Florida against Defendants, Case No.: 22-cv-21129, (the "Lawsuit"), asserting allegations relating to the Fair Labor Standards Act and unpaid wages, and which has now been transferred to United States Magistrate Judge Chris McAliley by Consent;

WHEREAS, as more fully set forth below, Plaintiffs and Defendants have agreed to release all claims against each other, including all claims relating to Plaintiffs' employment with Defendants, in exchange for the consideration described below; and

WHEREAS, the Parties seek to compromise and settle all disputes between them, including all issues raised or that could have been raised in the Lawsuit, believing such settlement to be in their respective best interests in light of the expense and uncertainty of litigation, and without admission of any liability, fact, claim or defense, on the terms and conditions set forth in this Agreement.

### II.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for good consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      <u>Payment by Defendants.</u> Defendants shall pay the total sum of twenty thousand dollars ($20,000.00) ("Settlement Proceeds") in full and complete settlement of the full Lawsuit and of all claims that have been or could be brought by Plaintiffs including without limitation all claims for damages, attorneys' fees, and costs.  Defendants shall pay the Settlement Proceeds as follows:

A.      On or before August 1, 2022, Defendants shall pay the sum of five thousand dollars ($5,000.00) to the law Offices of Charles Eiss, P.L. Trust Account. Defendants shall issue a Form 1099 for this payment.

B.      On or before September 1, 2022, and October 1, 2022, respectively, Defendants shall pay the sum of seven thousand five hundred dollars ($7,500.00) to the Law Offices of Charles Eiss, P.L. Trust Account. Defendants shall issue a Form 1099 for these payments.

C.    Each Plaintiff shall receive the sum of five thousand dollars ($5000.00) from the settlement proceeds with the remaining the thousand dollars ($10,000.00) covering attorney's fees and costs for both of Plaintiffs' counsel.

2.    <u>Dismissal of the Lawsuit</u>.   Promptly upon receipt of the fully executed Settlement Agreement by Plaintiff's counsel, the Parties agree to dismiss the Lawsuit with prejudice via a Joint Motion to Approve Settlement. The Parties affirm that they will execute and file all notices required to effectuate the dismissal of the Lawsuit, subject to a reservation of jurisdiction to enforce this agreement. The Parties acknowledge that approval of this settlement by the Court is a condition precedent to the effectiveness hereof.

3.    <u>Reservation of Jurisdiction</u>.   The United States District Court for the Southern District of Florida shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement and Release. The Parties hereby condition the effectiveness of this Agreement upon the Court's retention of jurisdiction for a period of thirty (30) days following the last payment from Defendants to Plaintiffs' attorney.

4.    <u>Fees and Costs</u>.  Unless explicitly provided otherwise in Paragraph 1, the Parties must bear their own fees and costs (including but not limited to any attorneys' fees) incurred in connection with the Lawsuit or with any other matter.  Plaintiff acknowledges that Defendants shall not be responsible for any attorneys' fees and costs that she may have incurred at any time, except as described in Paragraph 1.

5.    <u>General Release and Waiver of All Claims</u>.  In exchange for the consideration provided above in Paragraph 1, all Parties agree to settle, release and waive any and all claims each has or may have against the other and their affiliates, and all of their past, present and future officers, employees, attorneys, agents, assigns, insurers, representatives, counsel, benefit plan administrators, other administrators, successors, parent companies, subsidiaries, shareholders, members and/or directors for anything that has occurred up to the date of execution of this Agreement, including but not limited to, any and all claims resulting from Plaintiff's employment with Defendants; and any and all claims relating to the administration or terms of any employment or benefit plan or contract.  For the consideration expressed in this Agreement, each Party hereby releases and discharges the other Parties from all liability for damages, affirmative or equitable relief, judgments, or attorneys' fees and agrees not to institute any claim for damages, affirmative or equitable relief, judgments, or attorneys' fees, nor authorize or assist any other party to institute any claim to recover damages, judgments, or attorneys' fees on their behalf against the other Parties for any damages, judgments, or attorneys' fees including, but not limited to, any claims arising under or based upon the Florida Civil Rights Act, Ch. 760, Florida Statutes; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 168, *et seq.*; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*; the Equal Pay Act, 29 U.S.C. § 206(d); applicable Workers' Compensation Laws; claims under any federal or state constitutions; and any and all claims pursuant to federal, state or local statute or ordinance; or any and all claims pursuant to contract, quasi contract, common law or tort; and known or unknown, suspected or unsuspected, concealed or hidden, or whether developed or undeveloped claims, up through the date of his

execution of this Agreement. All Parties confirm that other than the Lawsuit, they are unaware of any other claims, grievances, Lawsuits, complaints, or legal actions each Party has or may have against the other Parties in any forum or form.  In the event that any such claim, grievance, Lawsuit, complaint, or legal action is filed, the Parties shall not be entitled to recover any damages or relief therefrom, including costs and attorneys' fees.

6.    <u>No other compensation due and owing</u>.  Plaintiffs affirm and acknowledge that, except for the consideration set forth in Paragraph 1 above, they are not owed any compensation or benefits (including back pay, bonuses or overtime compensation) by the Defendants.

6.a    <u>Tax Liability.</u> The Plaintiffs shall be solely responsible for any tax liability that may result from payment of the settlement funds, including any penalties or forfeitures arising from such payment. Plaintiffs will hold Defendants harmless against any loss or liability whatsoever which may be incurred in any action or proceeding, before any court or agency to recover any unpaid taxes, penalties, or forfeitures related to the payment of the settlement funds to Plaintiff.

7.    <u>Confidentiality</u>.  All Parties agree, promise, and covenant that the terms and provisions of this Agreement shall remain and be kept strictly confidential and shall not be disclosed except as provided herein.  Without the express written agreement of the other Parties or unless required to do so by law, all Parties agree never to disclose the existence, facts, terms, or amount of this Agreement, nor the substance of the negotiations leading to this Agreement, to any person or entity, other than to their respective attorneys, personal accountants, personal tax preparers, or spouse. Any such disclosure to such persons will be made only if the relevant person must have such information for the performance of his or her responsibilities.  To the extent required by law or applicable regulation, All Parties may also disclose the provisions of this Agreement to the appropriate taxing authorities.  The Parties agree that if questioned about this settlement, the disposition of the claims, or any other information made confidential by this provision, they will say simply that the claims were resolved.  The parties recognize and acknowledge that actual damages for a breach of this confidentiality provision will be established and determined upon a finding by a court of competent jurisdiction that the confidentiality provisions of this Agreement are breached.

8.    <u>Non-disparagement</u>.   As further consideration for the payments described above in Paragraph 1, and as a condition to their receipt of those payments, the Parties agree that each Party will not disparage any other Party, their work, services, or personnel, and that each Party will not criticize or demean any other Party, its work, services, or personnel in communications with any persons, including, but not limited to, any client or customer for whom any Party performed services or with members of the business community or with persons who might convey disparaging, critical or demeaning comments to members of the business community. This provision shall not bar compliance with a subpoena or other directive from a court. However, in the event of the receipt of any such subpoena or court directive, the recipient shall promptly notify counsel for the opposing parties prior to providing testimony to the extent plausible or otherwise permitted by law.

9.    <u>Future Employment</u>.  Plaintiffs agree not to seek future employment with Defendants, its parent companies, subsidiaries, corporate affiliates or successors. If Plaintiffs inadvertently apply

for employment, the existence of this Agreement shall constitute a legitimate, non-discriminatory reason for any employment decisions made by Defendants.

10.     <u>Employment Reference</u>.   In the event of any inquiries from prospective employers regarding Plaintiffs, Defendants agree that they will follow standard procedure with regard to reference requests, which is to provide a neutral reference in accordance with Defendant's policy and will provide only the dates of employment and positions held by Plaintiff.

11.     <u>No Admission of Liability</u>.  The Parties acknowledge and agree that this Agreement is a compromise and settlement of each party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability on the part of any party with respect to the disputed matters.

12.     <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

13.     <u>Consent to Jurisdiction and Forum Selection</u>.  The Parties acknowledge and agree that any proceeding arising in connection with this Agreement shall be tried and litigated exclusively in a court of competent jurisdiction, whether in State or Federal court, located in Broward County, State of Florida.  The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than that specified in this paragraph.

14.     <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements, understandings, negotiations, or discussions, whether oral or in writing, express or implied, between or among the Parties.  The Parties and each of them acknowledge that no representations, inducements, promises, agreements or warranties have been made to them or by them, or by anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance upon any such representation, inducement, promise, agreement or warranty, and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including but not limited to any purported supplements, modifications, waivers or terminations of this Agreement, shall be valid or binding unless executed in writing by each of the Parties to this Agreement.

15.     <u>Agreement to Be Construed Fairly</u>.  The Parties acknowledge that this Agreement was negotiated as part of a settlement process.  This Agreement is to be construed fairly and not in favor of or against any party, regardless of which party drafted or participated in the drafting of its terms.  Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

16.     <u>No Assignment</u>. Each of the Parties to the Agreement represents and warrants that (a) there has been no assignment or other transfer of any interest in the claims which it or he has or may have that are being released herein, and each party shall indemnify, hold harmless, and defend the other from any liability, claims, demands, damages, costs, expenses and reasonable outside attorneys' fees incurred by the defending party as a result of any such assignment or transfer

contrary to the foregoing representation; and (b) each party owns all claims, demands, and causes of action which the Parties release by this Agreement, which release is free and clear from all liens, claims, and encumbrances.

17.     Authority to Enter into Agreement.  Each of the Parties represents and warrants that any person executing this Agreement on its behalf has the full right and authority to enter into this Agreement on behalf of said party, and has the full right and authority to execute this Agreement and to fully bind that party to the terms and obligations of this Agreement.  Each of the persons signing this Agreement on behalf of the Parties hereto makes the same warranties referred to herein.

18.     Successors and Assigns.  The terms of this Agreement shall be binding upon the Parties and their agents, employees, successors, assigns and insurers.

19.     Attorneys' Fees.  In the event any of the Parties brings a claim to enforce any provision of this Agreement, the prevailing party shall be entitled to recover the reasonable attorneys' fees and costs it incurred in such claim.

20.     Effective Date.  The effective date of this Agreement is the date on which all of the Parties signed this Agreement.

21.     Headings.  The various headings used in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the Agreement or any provision of it.

22.     Severability.  Except for the obligations of release of claims and payment of money, the provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable.

23.     Reasonable Time to Review.  All Parties acknowledge that each of them has had a reasonable time to review this Agreement and to consult their respective attorneys.

24.     Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one in the same instrument, and will be effective upon execution by all Parties and expiration of the seven-day revocation period.

25.     Execution Date.  The Parties have executed this Agreement as of the last date set forth below.

**SVYSTAK, ZVEREV, LOSTRA, MOROZOVA, AND W EXPRESS, FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST THE OTHER PARTIES.**


IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below.

Dated:  July __25_, 2022       ANTON SVYSTAK

_____

Dated:  July _25_ , 2022       YURY ZVEREV

_____

Dated:  July ___, 2022       NATALIA MOROZOVA

_____

Dated:  July ___, 2022       LOSTRA LLC

_____

By: _____

Title: _____

Dated:  July ___, 2022       W EXPRESS TRANS, INC.

_____

By:_____

                             Title:

_____