UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-21129-MCALILEY
[CONSENT CASE]

ANTON SVYSTAK and
YURY ZVEREV,

    Plaintiffs,

v.

LOSTRA LLC, *et al.*,

    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

This is an action that includes claims under the Fair Labor Standards Act ("FLSA"). On July 20, 2022, I presided over a settlement conference at which the parties reached a full settlement of this action. (ECF No. 39). The parties have now filed a Joint Motion to Approve FLSA Settlement and Dismiss Action with Prejudice. (ECF No. 43).

The FLSA requires the Court to determine whether the parties' compromise is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In making this determination courts may consider factors, such as: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of

1

counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citations omitted).

The parties filed a copy of their final executed settlement agreement ("Settlement Agreement"),[1] which I reviewed. (ECF Nos. 43-2, 43-3). The Settlement Agreement provides that Defendants will pay each Plaintiff $5,000.00, for a total of $10,000.00. (ECF No. at 43-2, ¶ 1(C)). Having presided over the parties' settlement conference, I have insight into the strengths and weaknesses of Plaintiffs' FLSA claims and Defendants' defenses thereto. I have also reviewed the record in this case. I have considered this information in light of the fairness factors identified above and I conclude that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over Plaintiffs' FLSA claims.

In addition to conducting a fairness analysis of the amount paid to compromise Plaintiffs' FLSA claims, the Court must also evaluate the reasonableness of any attorneys' fees included in a FLSA settlement. *Vazquez v. 1052 LLC*, Case No. 15-22677-Civ-Cooke/Torres, 2016 WL 541432, at *1 (S.D. Fla. Feb. 11, 2016) (citation omitted). The Settlement Agreement provides that Plaintiff's counsel will be paid $10,000.00 in attorneys' fees and costs. (ECF No. 43-2 at ¶ 1(C)). This amount was negotiated separately from the amounts to be paid to Plaintiffs, and counsel states that it represents a reduction in the amount of attorneys' fees that Plaintiffs' counsel will recover. (ECF No. 43 at ¶¶ 7, 8). The Court has reviewed the billing records that Plaintiffs' counsel submitted, and the

---

[1] The Settlement Agreement filed on the docket does not reflect the signatures of Defendants Lostra LLC and Natalia Morozova. Counsel later emailed my Chambers the fully executed Settlement Agreement, which includes the signatures of Lostra and Morozova.

reduction that Plaintiffs' counsel has accepted is appropriate. Given the compromised amount that Plaintiff's counsel has agreed to accept, and having carefully considered the record, I conclude that $10,000.00 as compensation for attorneys' fees and costs is reasonable.

Accordingly, the Court hereby **ORDERS** that the Joint Motion for Approval, (ECF No. 43), is **GRANTED**, the parties' Settlement Agreement, (ECF Nos. 43-2, 43-3), is **APPROVED**, this action is **DISMISSED WITH PREJUDICE**, and all pending motions are **DENIED AS MOOT**. The Court retains jurisdiction through **November 1, 2022**, to enforce the Settlement Agreement. The Clerk of Court is directed to **CLOSE** this case.

DONE AND ORDERED in Miami, Florida, this 28th day of July 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record